# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL WIGGINS,** : | |
|    **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-5617** |
| : | |
| **UNIVERSAL PROTECTION** : | |
| **SERVICES,** *et al.*, : | |
|    **Defendants.** : | |

## ORDER

**AND NOW**, this 17th day of February 2022, upon consideration of Defendant's Motion to Dismiss (Doc. No. 7), Plaintiff's Response (Doc. No. 11), Defendant's Reply Brief (Doc. No. 13-1), and Plaintiff's Sur-Reply (Doc. No. 17), it is hereby **ORDERED** that the Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that upon consideration of Plaintiff's Motion for Sanctions (Doc. No. 12), Defendant's Response (Doc. No. 15), and Plaintiff's Reply (Doc. No. 19), the Motion for Sanctions is **DENIED**.[1]

The Clerk of Court shall mark this case **CLOSED**.

                                       **BY THE COURT:**

                                       */s/ Mitchell S. Goldberg*
                                       **MITCHELL S. GOLDBERG, J.**

---

[1] Plaintiff alleges that Defendant failed to serve Plaintiff with its motion to dismiss and then fraudulently submitted a Certificate of Service in which they certified that they had served Plaintiff. Moreover, Plaintiff argues that Defendant has filed a frivolous motion to dismiss. Defendant responds that it did serve Plaintiff with a copy of the motion.

    Without resolving the factual dispute between the parties, I note that Plaintiff has, in fact, received a copy of the Motion to Dismiss. As Plaintiff was able to file a response and sur-reply brief, both of which I have fully considered, Plaintiff has suffered no prejudice. Accordingly, I will not award sanctions. See Schmid v. Milwaukee Elec Tool. Corp., 13 F.3d 76, 79 (3d Cir. 1995) (noting that a key consideration in determining whether sanctions are appropriate is "the degree of prejudice suffered by the opposing party"). Moreover, as set forth in detail in my accompanying Memorandum Opinion, I do not find Defendant's Motion to be frivolous.